No. 6237.

WILLIAM POWERS v. THE STATE.

1. PRACTICE—CONTINUANCE—BILL OF EXCEPTION.—Unless presented by a sufficient bill of exception, the ruling of the trial court refusing a continuance will not be revised on appeal.
2. SAME—DISQUALIFIED JUROR.—A brother-in-law of the person alleged in the indictment to be the person injured by the act of the defendant is not a competent juror on the trial of the latter.

APPEAL from the District Court of Coryell. Tried below before the Hon. C. K. Bell.

This conviction was for horse theft, the penalty assessed by the verdict being a term of seven years in the penitentiary.

The rulings of this court do not involve the facts proved on the trial.

*Crain & Halbrook*, for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. A considerable portion of the brief of appellant's counsel is devoted to a discussion of the supposed error committed by the court in overruling the defendant's application for a continuance. No bill of exception having been reserved to the ruling, this question is not before this court for revision. (Willson's Crim. Stats., sec. 2187.)

One of the jurors, S. R. Tippit, was a brother-in-law to J. T. Morgan, who, by one of the counts in the indictment, was alleged to be the owner of the stolen horses. When the qualifications of the jurors were tested, they each, in answer to the question as to relationship to the person injured by the commission of the offense, answered—Tippit among the rest—that they were not related. It transpired, however, that Tippit was deaf, and either did not hear or did not understand the question, and his relationship to J. T. Morgan was unknown to defendant and his counsel until after the trial and conviction. As soon as ascertained, it was made one of defendant's grounds for his motion for a new trial. It was error upon this ground

to overrule the motion. The juror was manifestly incompetent and disqualified by our statute from sitting in the trial of the case. (Code Crim. Proc., art. 636, subdivision 10; Wright v. The State, 12 Texas Ct. App., 163; Page v. The State, 22 Texas Ct. App., 551.)

The judgment is reversed and the cause remanded.

*Reversed and remanded.*