# MILLER *v.* UNITED STATES.*

---

CRIMINAL LAW; JURY; CHALLENGES FOR CAUSE; APPEAL AND ERROR; OBJECTIONS AND EXCEPTIONS; TRIAL; CONSOLIDATION OF CAUSES.

1. A talesman who is the son of a stockholder in a corporation is disqualified to act as a juryman in a criminal case in which the accused is charged with fraudulently taking away and concealing the records belonging to the corporation, and with embezzling its funds; and if he is challenged for cause by the accused, the challenge should be sustained.

2. In criminal cases, courts are not inclined to be as exacting with reference to the specific character of the objections made as in civil cases. They will, in the exercise of a sound discretion, sometimes notice error in the trial of a criminal case, although the question was not properly raised at the trial by objection and exception.

3. Where, upon a statement of a talesman in a criminal trial, that he was the son of a stockholder in the corporation alleged to have been defrauded by the accused, counsel for the accused immediately challenged him for cause, but without stating the specific grounds of the challenge, and the trial court promptly overruled the challenge without asking counsel for the reason, it was *held* by this court that, by the failure to specify the grounds of the challenge, the accused did not lose his right to assign error upon the ruling of the trial court.

4. Where, on an appeal by the accused in a criminal case, it appears that

---

*Trial—Consolidation of Causes.*—Upon the question whether, in the absence of statute, a defendant may be tried upon two indictments at the same time, see note to *Lucas* v. *State*, 3 L.R.A. (N.S.) 412.

the trial court overruled a challenge for cause by the accused, of a talesman who had stated that he was the son of a stockholder in the corporation which the accused was indicted fcr defrauding, the fact that it does not appear that the father was a stockholder at the date the alleged offense was committed will not preclude the re- versal of the judgment, especially where the record does not affirm- atively show that he was not a stockholder at that time, and it is conceded on the argument in this court that the affairs of the cor- poration were closed shortly after the offense was alleged to have been committed.

5. The consolidation of indictments authorized by sec. 1024, Rev. Stat., is only in cases where the offenses charged in separate indictments are such that they might have been embraced in separate counts in one indictment.  (Citing *Bass* v. *United States*, 20 App. D. C. 232.)

6. Where two indictments, one for fraudulently taking away or conceal- ing records of a corporation, and the other for embezzling the funds of the corporation, are consolidated for trial without objection by the defendant, it is not error for the trial court to refuse to grant defendant the statutory number of peremptory challenges for each in- dictment, and to confine him to the number of challenges allowed for one indictment.  (Construing sec. 1024, Rev. Stat. U. S. Comp. Stat. 1901, p. 720, and sec. 918, D. C. Code [31 Stat. at L. 1338, chap. 854], (citing sec. 5480, Rev. Stat. U. S. Comp. Stat. 1901, p. 3696, and dis- tinguishing *Bass* v. *United States*, supra.)

7. On an appeal by the accused from a judgment of conviction in a crim- inal case, in which two indictments were consolidated for trial, where it appeared that the trial court, over the objection of the accused, refused to advise him in advance of the number of peremptory chal- lenges he would be permitted to exercise, this court, in reversing the judgment on other grounds, suggested that the ends of justice should have indicated the propriety of making the ruling in advance as re- quested, in order that the accused could have governed himself prop- erly in the exercise of his statutory rights.

No. 2354.   Submitted February 6, 1912.   Decided March 4, 1912.

HEARING on an appeal by the accused from a judgment of conviction of the Supreme Court of the District of Columbia in a prosecution for fraudulently taking away and concealing records of a corporation and embezzling its funds.

*Reversed.*

The facts are stated in the opinion.

*Mr. Henry E. Davis* and *Mr. John E. Laskey* for the appel-
lant.

*Mr. Clarence R. Wilson,* United States District Attorney,
and *Mr. James M. Proctor,* Assistant, for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

Appellant, John Barton Miller, defendant below, was in-
dicted and convicted in the supreme court of the District of
Columbia of the crime of fraudulently taking away or con-
cealing records belonging to the First Co-operative Building
Association, of Georgetown, District of Columbia, of which
he was secretary treasurer, and, under a separate indictment,
of the crime of embezzlement of the funds of said association.
Though he was separately indicted for each offense, the two
indictments were, by order of the court, consolidated and tried
together.

It appears that when defendant had exercised his tenth
peremptory challenge, a talesman named Libbey was called
into the jury box and examined upon his *voir dire.* He testi-
fied that his father was a large stockholder in the Georgetown
Co-operative Building Association at the time its affairs were
closed up. On this statement, defendant challenged the juror
for cause. The challenge was overruled by the court. This
is assigned as error.

The juror was the son and legal heir of a stockholder in an
association affected by the acts of which defendant stands
charged. Such a relation has been universally held to dis-
qualify a juror. The rule applies to civil cases, and with
added weight to criminal cases. *Crawford* v. *United States,*
212 U. S. 183, 53 L. ed. 465, 29 Sup. Ct. Rep. 260, 15 A.
& E. Ann. Cas. 392. A juror is incompetent to serve in a
criminal trial if he is related within the prohibited degree to
a person injured by the commission of the offense. *Powers*
v. *State,* 27 Tex. App. 700, 11 S. W. 646; *Page* v. *State,* 22
Tex. App. 551, 3 S. W. 745; *State* v. *Walton,* 74 Mo. 270;

*Jaques* v. *Com.* 10 Gratt. 690. A person related to a stockholder of a corporation which has been injured by the acts charged against the accused is disqualified to serve as a juror in the trial of the cause. *McElhannon* v. *State,* 99 Ga. 672,. 26 S. E. 501.

Kinship of a juror to one injured by the acts of which the accused stands charged is as effective a disqualification as business or official relations. Such a juror cannot be said to be impartial, and that is the ground upon which the law rejects him. In *Jacques* v. *Com.* supra, the court said: "Though he [the juror] might not have any direct interest in the controversy, yet if he were related to either of the parties to the suit in the ninth degree, such a relationship constituted a principal cause of challenge, which left no discretion to the court. A principal cause of challenge being grounded on such a manifest presumption of partiality that, if it be found true, the law sets aside the juror; whereas a challenge to the favor leaves it to the discretion of the triers." This rule in criminal practice is grounded upon principles of justice, and is essential to the proper protection of the constitutional rights of the accused.

The trial court held that since defendant's counsel simply challenged the juror for cause, without stating the specific ground of the challenge, and the court was not called upon to pass upon that point, it could not be advanced for the first time in support of the motion for a new trial. In a criminal case, where an error so gross as the one before us has been committed, we are not disposed to indulge in technicalities. The juror had just uttered the statement that his father was a stockholder in the association defrauded at the time its affairs were closed, when the challenge was interposed. It was sufficient to call the attention of the court to any ground for challenge disclosed in the examination for cause, and the promptness with which the objection was overruled, without inquiry of counsel for the reasons for the challenge, was equivalent to a declaration to counsel that the ruling of the court was advisedly made and final. "In criminal cases courts are not

inclined to be as exacting with reference to the specific character of the objection made, as in civil cases. They will, in the exercise of a sound discretion, sometimes notice error in the trial of a criminal case, although the question was not properly raised at the trial by objection and exception." *Crawford* v. *United States,* supra.

Of like weight is the objection of counsel for the government, that it does not appear that the father was a stockholder at the date the alleged offenses were committed. It is sufficient that it does not affirmatively appear that he was not a stockholder at that time. It was conceded at bar that the affairs of the association were closed within a very short period after the offenses are alleged to have been committed, and it is not to be presumed that he became a stockholder in a concern passing through the stages of bankruptcy. The matter of procuring an extra juror is so insignificant in comparison to the duty of securing to one accused of crime an impartial trial by an unbiased jury of his peers, that courts, in furtherance of justice, will resolve all reasonable presumptions in favor of the accused. It is well said in *Crawford* v. *United States,* that "to maintain that [the jury] system in the respect and affection of the citizens of this country, it is requisite that the jurors chosen should not only in fact be fair and impartial, but that they should not occupy such relation to either side as to lead on that account to any doubt on that subject." We deem the granting of a new trial in this cause of little consequence, in view of the great principle involved; hence, we have no difficulty in reaching the conclusion that the court, in refusing to sustain the challenge to the competency of the juror Libbey, committed reversible error.

When the panel of jurors was under examination upon *voir dire,* and before either the prosecution or defense had exercised any peremptory challenges, defendant requested the court to rule as to whether he would be permitted to exercise ten peremptory challenges, the number allowed by the statute in felony cases (D. C. Code, sec. 918, [31 Stat. at L. 1338,

chap. 854]), or would be given, in view of the consolidation,
ten peremptory challenges for each indictment. On this
point, the court refused to rule. When defendant had exer-
cised ten peremptory challenges, and sought to challenge an-
other juror, the court ruled that he had exhausted all his chal-
lenges. This ruling of the court defendant assigns as error.
He also assigns error in the refusal of the court to advise him
in advance of the number of peremptory challenges which he
would be permitted to exercise.

At the outset it is important to observe that no objection
was made by the defendant to a single trial under the two in-
dictments. These cases were tried together under sec. 1024,
U. S. Rev. Stat. U. S. Comp. Stat. 1901, p. 720, which is as
follows: "When there are several charges against any person
for the same act or transaction, or for two or more acts or
transactions connected together, or for two or more acts or
transactions of the same class of crimes or offenses, which may
be properly joined, instead of having several indictments the
whole may be joined in one indictment in separate counts;
and if two or more indictments are found in such cases, the
court may order them to be consolidated."

In *McElroy* v. *United States*, 164 U. S. 76, 41 L. ed. 355,
17 Sup. Ct. Rep. 31, it is held that where there were several
indictments charging different assaults and different arsons
committed at different times, depending upon different evi-
dence and different testimony, and requiring separate verdicts,
it was error to consolidate them under sec. 1024. The court
said: "The order of consolidation under this statute put all
the counts contained in the four indictments in the same
category as if they were separate counts of one indictment,
and we are met on the threshold with the inquiry whether
counts against five defendants can be coupled with a count
against part of them, or offenses charged to have been com-
mitted by all at one time can be joined with another and dis-
tinct offense committed by part of them at a different time."
This case is referred to, not on the question of the propriety
of consolidation in the present case, which is impliedly con-

ceded, but for the purpose of ascertaining the class of cases that may be consolidated under sec. 1024. From the language in the above case, it would seem that any consolidation under this statute has the effect of placing all the indictments "in the same category as if they were separate counts of one indictment.

This construction of sec. 1024 is quoted with approval in *Bass* v. *United States,* 20 App. D. C. 232. In that case, the indictments were for offenses committed in violation of the postal laws. Sec. 5480, Rev. Stat. U. S. Comp. Stat. 1901, p. 3696, permitted the insertion of three counts in one indictment when the offenses were committed within the same six calendar months. There were two indictments, each charging offenses committed within a different six months' period. In holding the consolidation improper, the court said: "It would therefore seem to necessarily follow that, if sec. 5480 permits the insertion of three counts in one indictment only, when the offenses have been committed within the same six calendar months, and under sec. 1024 the consolidation under this statute puts all the counts contained in the 'two indictments in the same category as if they were separate counts of one indictment," the joining in this case by the consolidation of the two indictments, of three offenses not committed within the same six months, was error, and we therefore must sustain this exception of the appellant." From the foregoing authorities we think the consolidation of indictments authorized by sec. 1024 is only in cases where the offenses charged in the separate indictments might have been embraced in separate counts in one indictment. The consolidation therefore has the effect of bringing the various charges together for one trial.

Sec. 918, D. C. Code, provides: "In all trials for capital offenses the accused and the United States shall each be entitled to twenty peremptory challenges. In trials for offenses punishable by imprisonment in the penitentiary, the accused and the United States shall each be entitled to ten peremptory challenges. In all other cases, civil as well as criminal, in

which the plaintiff is the United States [or the District of Columbia], each party shall be entitled to three peremptory challenges; and if there are several defendants, they shall be treated as one person in the allowance of such challenges." It will be observed from the language of this act that the number of peremptory challenges is not based upon the number of defendants or the number of counts in the indictment, but upon the single trial. Conceded, as it must be, that if, instead of two indictments in this case, the two offenses had been embraced in separate counts of one indictment, defendant would have been entitled to only ten peremptory challenges, it is not apparent why a different rule should be applied when the consolidation has accomplished the same result. As we have seen, the act in question can only be involved where this condition exists.

Counsel for defendant rely chiefly upon *Mutual L. Ins. Co.* v. *Hillmon,* 145 U. S. 285, 36 L. ed. 707, 12 Sup. Ct. Rep. 909, and *Betts* v. *United States,* 65 C. C. A. 452, 132 Fed. 228. The former involved a number of civil cases in each of which there was a separate defendant. The cases were tried together under section 921 U. S. Rev. Stat. U. S. Comp. Stat. 1901, p. 685, which is as follows: "When causes of a like nature, or relative to the same question, are pending before a court of the United States or of any Territory, the court may make such orders and rules concerning proceedings therein as may be conformable to the usages of courts for avoiding unnecessary costs or delay in the administration of justice, and may consolidate said causes when it appears reasonable to do so." It is apparent that, while these civil cases with separate defendants could be joined in a single suit, they could not have been consolidated into one action for the purpose of trial, under sec. 1024. Each case had a different defendant and required a separate verdict and judgment. In the case at bar there is one defendant, and the two indictments were capable of consolidation as if separate counts in one indictment.

In the case of *Betts* v. *United States,* supra, there were nine

indictments, each charging three offenses for violation of the postal laws under sec. 5480, supra. This case was unlike the *Bass Case,* in that all the offenses charged in the nine indictment were committed within a single period of six months. The cases were tried together under sec. 921. The court held defendant entitled to three peremptory challenges for each indictment, but in doing so distinctly held that, inasmuch as the statute under which the indictments were found limited the government to charging only three offenses in each indictment, the indictments could not have been consolidated under sec. 1024,—in other words that, since all the offenses charged in the nine indictments could not, by reason of the inhibition of sec. 5480, have been embraced in separate counts in one indictment, they could not be consolidated under sec. 1024. The court pointed out the distinction as follows: "We have not referred to sec. 1024 of the Revised Statutes, which relates especially to consolidations of indictments. This section originated in 1853, while sec. 921 originated in 1813. So far as we can discover, both sections, under proper rules of construction, have full effect. So far as the topic we are discussing is concerned, sec. 1024 makes no provision for trying indictments together, but only that the court may order them to be consolidated. If this means anything more than was done in the present case, it certainly could have no just application to the indictments at bar. That sec. 1024 contemplates a proper consolidation may well be inferred from what has appeared in reference to it in the Supreme Court in *Logan* v. *United States,* 144 U. S. 263, 267, 296, 36 L. ed. 429, 431, 440, 12 Sup. Ct. Rep. 677, and *Williams* v. *United States,* 168 U. S. 382, 42 L. ed. 509, 18 Sup. Ct. Rep. 92. In *McElroy* v. *United States,* 164 U. S. 76, 77, 41 L. ed. 355, 356, 17 Sup. Ct. Rep. 31, the opinion rendered by the chief justice in behalf of the Supreme Court, referring to sec. 1024, says: 'The order of consolidation under this statute puts all the counts contained in the four indictments in the same category as if they were separate counts of one indictment.' This indicated that in the mind of the Supreme Court a proceeding under this section operated as a true consoli-

dation.    Therefore, in view of the special provisions of sec.
5480, to which we have referred, proceedings on the indictments
before us could not have been taken under sec. 1024, because so
to do would be to defeat the letter and purpose of the statutory
direction, that only three distinct offenses should be included
in one indictment." :

We are here confronted, not by the joining of independent
cases for trial under sec. 921, but by a "true consolidation"
of two indictments under sec. 1024, with a single defendant,
upon charges which properly might have been embraced in
separate counts in a single indictment.    In this view of the
law, it was not error to refuse to grant defendant the statutory
number of peremptory challenges for each indictment.

It is unnecessary to determine whether the court committed
reversible error in refusing to advise defendant in advance of
the number of peremptory challenges he would be permitted
to exercise.    It is sufficient to suggest that, since the trial judge
had full charge of the proceedings in the case, and was charged
with the duty of securing to defendant a fair and impartial
trial, the ends of justice should have indicated the propriety
of making the ruling in advance, as requested, in order that
defendant could have governed himself properly in the exercise
of his statutory rights.

It is unnecessary to consider the other assignments of error,
inasmuch as it is improbable that they will be involved in an
other trial.

The judgment is reversed, and the cause remanded with in-
structions to grant the defendant a new trial.

*Reversed and remanded.*