## Mack Mathis v. The State.

No. 7591. Decided October 31, 1923.

Rehearing denied April 2, 1924.

**1.—Unlawful Manufacture of Intoxicating Liquor—Constitutional Law.**

The so-called Dean Law is not in conflict with the Act of Congress known as the Volstead Act. Following: Ex Parte Gilmore, 88 Texas Crim. Rep., 529, and other cases.

**2.—Same—Evidence—Limitation—Other Transactions—Rule Stated.**

The rule in this State is that it is competent for the State to prove the offense to have been committed at any time within the period of limitation and antecedent to the filing of the indictment, and where the State is possessed of evidence of two like transactions occurring upon different occasions and is in doubt upon which to rely for a conviction, it may pursue the inquiry as to each of them to such an extent as to intelligently determine upon which transaction it will rely for conviction.

**3.—Same—Election by State—Charge of Court.**

Considering the fact shown by the record and the qualification of the bill of exceptions that the election was announced to the jury, at the close of the State's opening testimony, in connection with the instructions given to the jury, the requirements of the law concerning the election were met, and there is no reversible error. Following: Crosslin v. State, 90 Texas Crim. Rep., 494, and other cases.

**4.—Same—Withdrawing Evidence—Practice in Trial Court.**

After the election by the state to rely upon the transaction of March 14th, it was not incumbent upon the court to withdraw from the jury absolutely all evidence of other transactions, under the facts of the instant case.

**5.—Same—Evidence—Other Transaction.**

The State in the instant case had a right to introduce testimony showing that the still used by the appellant for the manufacture of whisky was in fact the still which he had previously used for the same purpose, together with all the other testimony as to where the still was used, its ownership and possession and that the same connected him with similar offenses did not render such proof incompetent. Following: Bedford v. State, 75 Texas Crim. Rep., 309, and other cases.

**6.—Same—Accomplice—Charge of Court.**

Where the defendant had introduced testimony suggesting that certain witnesses were accomplices, there was no error in submitting a charge on accomplice's testimony.

**7.—Same—Diligence—Continuance.**

Under the facts averred it is not shown that the trial judge was not warranted in overruling the application for continuance upon the ground of want of diligence. Besides, this court is unable to see that, in the light of the evidence adduced upon the trial, the refusal of the continuance was not proper.

**8.—Same—Manufacture of Intoxicating Liquor—Time Consumed—Alibi.**

The manufacture of intoxicating liquor is such that it is not essential that it taken place in a moment of time as is generally the case in many other felonies, and the facts in the instant case showing that there had been assembled a quantity of equipment, that a quantity of whisky had been manufactured and that the defendant was a participant in the offense, the fact that he was not on the night, that a certain witness spent in his house, seen by the witness engaged in such offense woud not be cause for reversal.

**9.—Same—Evidence—Reputation of Witness—Belief on Oath.**

While it was error in rejecting certain testimony on the reputation of a certain witness it did not constitute cause for reversal of the judgment, and, after all, whether in spite of such reputation the witness would be worthy of belief is a matter of his opinion and the credibility of the impeached witness is at last one for the jury.

**10.—Same—Jury and Jury Law.**

The refusal of the court to sustain challenges for cause, being addressed to veniremen because they were related to the county attorney, was not reversible error.

**11.—Same—Charge of Court—Defensive Theory—Alibi.**

Where, upon trial of unlawfully manufacturing intoxicating liquor, the charge of the court, when considered in connection with other paragraphs thereof, conserved the rights of the defendant, and there being no requested charge suggesting more apt language and in what way the court's charge misled the jury or left them in doubt as to the right of the defendant to an acquittal, there is no reversible error, with reference to defendant's alibi, etc.

**12.—Same—Rehearing—Other Offenses.**

The suggestion in the motion that the court extends the rule in its original opinion relative to the admission and use of evidence of other offenses is not well taken and the testimony was properly admitted as limited by the charge of the court, and the motion for rehearing was overruled.

Appeal from the District Court of Wood. Tried below before the Honorable J. R. Warren.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*A. J. Britton* and *Jones & Jones,* for appellant.—On question of other offenses: Smith v. State, 105 S. W. Rep., 501; Welhausen v. State, 18 S. W. Rep., 300; Schwen v. State, 35 id., 172, and cases cited in opinion.

On question of charge on other offenses: Scott v. State, 68 S. W. Rep., 680; Saldivar v. State, 115 id., 584; Goolsby v. State, 129 id., 624.

On question of reputation of witness: Douglas v. State, 98 S. W. Rep., 840; Moody v. State, 236 id., 741.

*R. G. Storey,* Assistant Attorney General for the State.—On question of other transaction: Land v. State, 247 S. W. Rep., 554; Anderson v. State, 238 id., 221, and cases Cited in opinion.

MORROW, Presiding Judge.—Conviction is for the unlawful manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of two years.

Upon various grounds, appellant assails the validity of the so-called Dean Law, found in Chap. 78 of the Acts of the thirty-sixth Legislature, second Called Session, and Chap. 61 of the Acts of the thirty-seventh Legislature, first Called Session. The only point of which we care to take notice is that stating that the law is in conflict with the Act of Congress known as the Volstead Act. (41 Stat. at Law, Chap. 85.) In our judgment, this contention is without merit. See Ex parte Gilmore, 88 Texas Crim. Rep., 529; Chandler v. State, U. S. Rep., 67 L. Ed. 272.

We understand from the record that appellant resided upon a tract of land known as the Guy Davis Place; that adjoining this land was a tract of land known as the McCreight tract. Other places in the vicinity were the village of Yantis and what is described as Lake Fork River. According to the witnesses for the State, there was observed on the McCreight land a still and other equipment for the manufacture of whisky, which still was in operation by several persons, including the appellant. The transaction appears to have taken place in March, 1922, prior to the 14th of that month. Some weeks later, according to the witness Tanton and others, there was a still in operation on the Davis farm upon which the appellant lived, and he took part in the manufacture of whisky. This still was seized by the officers. It was introduced in evidence and identified by witnesses as being the same as that which had been seen in appellant's possession on the McCreight land. Other testimony was introduced to the effect that the same still had been observed at the Lake Fork River, appellant being present.

The circumstances pointed to him as one of these engaged in the operation of the still at that time.

The admissibility of all testimony, save that to the effect that appellant was seen by the witnesses in the manufacture of whisky on the McCreight land, was challenged upon the ground that its receipt was obnoxious to the rule forbidding the proof of independent collateral crimes. As it exists in this State, we understand the rule to be that it is competent for the State to prove the offense to have been committed at any time within the period of limitations and antecedent to the filing of the indictment. Code of Crim. Proc., Art. 451, subdivision 6; Underhill on Crim. Evidence, 3rd Ed., Sec. 81, note 8; Vernon's Tex. Crim. Stat., Vol. 2, p. 196, note 11. Were the State is possessed of evidence of two like transactions occurring upon different occasions and is in doubt upon which to rely for a conviction, it is not error for the State to pursue inquiry as to each of them to such an extent as would enable the State's counsel to intelligently determine upon which transaction he will ask for a conviction. This rule is stated by the Supreme Court of this State in Lunn's case, 44 Texas Crim. Rep., 85; also in Dalton v. State, 4 Texas Crim. App. 335; Branch's Ann. Tex. P. C., Sec. 444, page 233.

In the present case, it appears from the record that after the testimony mentioned was introduced and at the close of the State's opening, it elected to prosecute upon the transaction described by the witness Holland as taking place in March, 1922, prior to the 14th of that month, upon the McCreight premises. In the charge of the court, the jury was instructed that there could be no conviction unless it be upon the transaction last mentioned above, and that they could, in no event, convict upon the proof of any other transaction. The charge also limited the testimony of other transactions, stating that it could not be considered for any purpose other than to enable them to determine whether the appellant was connected with the manufacture of intoxicating liquors during the month of March, 1922, and prior to the 14th day thereof upon the McCreight land. Considering the fact shown by the record and the qualification of the bill of exceptions that the election was announced to the jury at the close of the State's opening testimony in connection with the instruction given to the jury, the requirements of the law concerning the election were, in our judgment, met. See Batchelor v. State, 41 Texas Crim. Rep., 501; Crosslin v. State, 90 Texas Crim. Rep., 490; Branch's Ann. Texas P. C., Sec. 444; Cyc. of Law & Proc., Vol. 33, page 1500. The question arises: Was there error in permitting the jury to use the testimony with the limitation mentioned? In other words, after the election of the State to rely upon the transaction of March 14th, was it incumbent upon the court to withdraw from the jury ab-

97 T. C.—15.

solutely all evidence of other transactions? The appellant's connection with the offense charged to have been committed on the 14th of March was controverted not only by the plea of not guilty but by the evidence of many witnesses tending to establish an alibi. The general reputation for truth and veracity of some of the witnesses was assailed.

To meet the case thus presented, It would seem that the State had a right to introduce testimony showing that the still used by the appellant in the manufacture of the whisky, was, in fact, the still which he had previously used for the same purpose. To accomplish this and meet the evidence introduced by the appellant, the evidence showing that the still which was upon the McCreight premises had been used by or belonged to the appellant was competent. His previous ownership of the still or possession thereof was a relevant fact bearing upon the main issue in the case and the fact that his possession of it connected him with another similar 'offense did not render such proof incompetent. See Bedford v. State, 75 Txeas Crim. Rep., 309; Wright v. State, 56 Texas Crim. Rep., 357; Scott v. State, 95 Texas Crim. Rep., 82; 252 S. W. Rep., 757; Fields v. State, 95 Texas Crim. Rep., 20, 252 S. W. Rep., 760; Underhills's Crim. Ev., 3rd Ed., Sec. 154 and Sec. 155; also Sec. 729; Thielepape v. State, 89 Texas Crim. Rep., 493; Casteel v. State, (Ark.), 235 S. W. Rep., 386; Anderson v. State, 91 Texas Crim. Rep., 183; Land v. State, 93 Texas Crim. Rep., 470; 247 S. W. Rep., 554.

Upon the same principle, the trail leading from appellant's home to the still on the Davis place was properly received.

Appellant adduced testimony suggesting that the witnesses Holland and Love were accomplices, and by it the Court was impelled to charge on the law of accomplice testimony, as embraced in Art. 810, C. C. P. Under these conditions, circumstances corroborative of the claimed accomplices were proper.

Appellant was indicted on August 25th and tried on September 8th. According to his averments, he caused the issuance of a subpoena on August 31st for the witness Rabe Strickland, a resident of Wood County, who was absent at the trial. Other witnesses were included in the subpoena, which was returned at a date not given. It is stated in the application that the "defendant is unable to say whether or not the witness Rabe Strickland has been served because the return of the sheriff is vague and uncertain." The subpoena and the return do not accompany the bill of exceptions, but presumably were examined by the trial judge. Diligence would have required prompt action by the appellant after the return of the subpoena to inform himself concerning the alleged uncertainty or to get out a new process. Under the facts averred, it is not shown that the trial judge was not warranted in overruling the application upon the

ground of want of diligence. Aside from that, this court is unable to say that in the light of the evidence adduced upon the trial, the refusal of the continuance was not proper.

According to the application, the witness would have testified that he spent the night at the residence of the appellant on the 29th day of April, 1922, and that upon that occasion, the appellant was not engaged in the manufacture of intoxicating liquor. The court, in his charge, confined the inquiry to the manufacture of intoxicating liquor by the appellant "in March, 1922, prior to the 14th day of said month on the McCreight land." The witness Holland testified that he saw the appellant engaged in the manufacture of liquor upon the McCreight land in February or March of the year 1922; that according to his best recollection it occurred on the Sunday before the trial of one Barney Howle, who was tried on the 14th of March. The witness said, however, that it was on a Sunday, but was not certain that it was on that particular Sunday. The witness gave a description of the still and the equipment, the quantity of liquor, and the persons present, including the appellant.

The witness Tanton testified that he had seen a still upon the Mc-Creight land and that about three weeks later he saw the same still upon the Guy Davis land; that he had seen the still at both places more than once, but that on the day of the transaction in question, he saw the appellant and others operating it; that he later took part in seizing the still while it was situated upon the Davis land. The still seized was introduced in evidence and identified by Tanton and other witnesses as the same still which had been seen by several witnesses upon the McCreight land. The still upon the Davis land was seized sometime after the 14th of March, the exact time being indefinite. The evidence indicates that the seizure was made some time in the month of April or May and that it took place upon a Thursday. The sheriff who participated in the raid fixes the date as some time in May.

The witness Love testified that he saw the still upon the McCreight land, which was operated by the appellant. He also testified to facts showing the identity of the still which he saw with that introduced in evidence upon the trial, which was shown to have been the one obtained from the Davis land. The witness Caldwell testified to conversations with the appellant in the nature of an admission that he had engaged in the manufacture of whisky on the McCreight land.

The manufacture of intoxicating liquor is such that it is not essential that it take place in a moment of time as is generally the case with homicide or an assault and many other felonies. See Broz v. State, 93 Texas Crim. Rep., 137. In the present case, the evidence supports the theory that there had been assembled a quantity of equipment, that a quantity of whisky had been manufactured, and that the appellant was a participant in the offense. The fact that he was not, on the night that the witness Strickland spent at his house, seen by

the witness to be engaged in the manufacture of liquor is not so inconsistent with his guilt as to warrant this court in holding that the trial judge abused his discretion in denying the motion for a new trial because of the absence of Strickland. Under the charge of the court and the finding of the jury, the offense upon which the conviction rests took place long before the 29th of April—the night that Strickland was at the home of the appellant. Strickland's testimony is but a circumstance tending to discredit the truth of the testimony to the effect that subsequent to the commission of the present offense, appellant possessed and operated the same still with which the present offense was committed, at another place, namely, upon the Davis land. Strickland's testimony, as set out in the motion, is but to the fact that he spent the night at the appellant's home and the conclusion that he was not manufacturing liquor at that time. To warrant a reversal because of Strickland's absence, it would be necessary not only that there be diligence to procure it, but that his testimony be so material as to probably bring about a different result. The trial judge held that the testimony was not of this nature, and his decision to that effect is regarded sound.

Several witnesses testified to a knowledge of the general reputation for truth and veracity of the witness Tanton in the community of his residence and that such reputation was bad. Appellant's counsel propounded this question: ''Is his reputation for truth and veracity such as would warrant a jury in believing him on oath?'' To this a negative answer would have been given. Against the question, State's counsel directed the objection ''that it was not a proper question to ask a witness.'' This objection was sustained and the answer excluded. It is not competent to ask a witness who had testified to the general reputation for truth and veracity of another *whether he could or would believe the other on oath.* This is not a proper inquiry for the reason that the answer suggested would not be one based upon the reputation but upon the witness' personal knowledge. With this qualification the form of the question is not deemed important. The rule is clearly and accurately stated by this court in Holbert's case, 9 Texas Crim. App., 225; Boon v. Weathered, 23 Texas 675; and other cases collated in Moody v. State, 90 Texas Crim. Rep., 529, 236 S. W. Rep., 741. It follows that in rejecting the testimony upon the grounds stated, there was error committed. It is believed, however, that it was not error which alone would warrant a reversal of the judgment. It is the bad reputation which discredits the witness. Whether, in spite of such reputation, he would be worthy of belief is a matter upon which a witness may give his opinion. It is at most, however, but an opinion, the credibility of the impeached witness being at last for the jury. Ruling Case Caw, Vol. 28, p. 629, sec. 215; Underhill's Crim. Evidence, 3rd Ed., p. 539. As stated, above, several witnesses testified to the general reputation of Tanton. The

specific transaction upon which the prosecution rests was not proved by Tanton alone but by several witnesses. The collateral facts of which the witness Tanton gave testimony were likewise in evidence from other witnesses. Doubtless there might be a case in which the erroneous refusal of the court to receive such testimony might relate to a witness so material that a reversal would be required. The present case, however, is not regarded such a one.

A number of bills of exception taken to the réfusal of the court to sustain challenges for cause were addressed to veniremen who were related to the county attorney. This was not a disqualification. Code of Crim. Proc., Art. 692. The disqualification mentioned in subdivision 10 of that article is kinship to the private prosecutor and not to the public officer charged by law with the prosecution.

The 5th paragraph of the court's charge reads thus: "Now, bearing in mind the foregoing instructions, if you find beyond a reasonable doubt that the defendant, Mack Mathis, at any time during the month of March, 1922, and prior to the 14th day of said month, in Wood County, Texas, and upon what is referred to in the evidence as the McCreight land, unlawfully manufactured spirituous liquor capable of producing intoxication, then you will find him guilty and affix the proper punishment therefor; and unless you so find, you will find him not guilty."

In the charge on alibi, this language is used: "Now, if the evidence raises in your mind a reasonable doubt as to the presence of the defendant on the McCreight land during the month of March, 1922, and prior to the 14th day of said month where the offense, if any, was committed, and at the time of the commission thereof, if any, you will find him not guilty."

This is deemed sufficient, when considered in connection with the fifth paragraph of the charge quoted above, to conserve the rights of the appellant. No special charge suggesting more apt language was presented, and in what way these charges could have misled the jury or left them in doubt as to the right of the appellant to an acquittal, if from the evidence a reasonable doubt was entertained as to appellant's presence while the still was operated on the McCreight land during the time mentioned in the charge. There is no suggestion in the evidence of his inaction or innocent presence. The affirmative issue presented an the theory of alibi is that he was not present.

The record is voluminous, embracing forty-seven bills of exception. All of them have been examined and all that are deemed of importance have been discussed. The necessity of keeping the opinion within reasonable limits precludes a review of each in detail.

The evidence appears sufficient to support the conviction. No error has been perceived of such materiality as warrants a reversal.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

April 2, 1924.

HAWKINS, JUDGE.—Appellant has filed an interesting and exhaustive motion for rehearing, reviewing many authorities. We have examined them with care. The suggestion is ventured in the motion that the effect of our former opinion is to extend the rule relative to the admission and use of evidence of other offenses. Such was not the purpose of the opinion, and we attempted to set out the reasons why, in our judgment, the evidence complained of was usable under the peculiar facts of this particular case. It was properly admitted in the first instance upon the ground stated in the third paragraph of the opinion, and after election by the State was unable, we think, for the limited purpose stated by the court in his charge in view of the defensive evidence offered.

All the matters urged in the motion had our careful consideration upon the original submission. The record is voluminous both upon the facts and from the number of bills of exception. It may be by reason thereof we have become confused in applying the principles of law arising, but we do not think so, and after reviewing the record in the light of the motion for rehearing, the views expressed heretofore are adherred to.

The motion is overruled.

*Overruled.*