Carlee **ALLEN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 40669.

Court of Criminal Appeals of Texas.

Oct. 25, 1967.

Brown & Hamby, by Roger D. Brown, Big Spring, for appellant.

Wayne Burns, Dist. Atty., Big Spring, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

The conviction is for robbery by assault; the punishment, twenty years.

This is a companion case to Lamar v. State, 415 S.W.2d 926.

Three grounds of error are urged by appellant in his brief filed with the clerk of the trial court.

■ In his first ground, appellant insists that the court erred in permitting the state to introduce in evidence a pistol and several packages of cigarettes taken from an automobile, in which he was riding, by a deputy sheriff of Andrews County, while acting in Martin County, without an arrest or search warrant.

It is appellant's contention that the deputy sheriff was without legal authority to make the arrest outside his own county.

The arrest of appellant and his companion Lamar and the recovery of the pistol and cigarettes from the car in which they were riding was held by this court to be lawful, in affirming the codefendant's conviction in Lamar v. State, supra. The facts and circumstances of the arrest and recovery of the articles are set out in the opinion.

In addition to the facts shown in the opinion, it should be pointed out that appellant was jointly arrested by deputy sheriff Frank Williams and Texas highway patrolman Wilson. The highway patrolman, as a peace officer in this state (Art. 2.12, Vernon's Ann.C.C.P.), was, under the facts, authorized by Art. 14.04, V.A.C.C.P., to arrest appellant without a warrant. Under Arts. 4413(11) and 4413(12), V.C.S., a highway patrolman is authorized to make an arrest in any county of this state.

The ground of error is overruled.

■ In his second ground of error, appellant complains of the court's failure to instruct the jury, under Art. 38.23, V.A.

C.C.P., that if they believed the evidence was obtained by Officer Williams in violation of any provision of the Constitution or laws of the United States or of this state they should disregard such evidence.

No objections to the charge or requested charges were presented by appellant. In the absence thereof, his complaint to the charge is not before us for review. Arts. 36.14 and 36.15, V.A.C.C.P.; Mendez v. State, Tex.Cr.App., 362 S.W.2d 841.

■ Appellant's remaining ground of error is that the court erred in failing to quash the jury selected in the case because the father of the county attorney was one of the jurors.

The record reflects that, during the voir dire examination of the jury panel, County Attorney Dee Jon Davis was seated at the counsel table with the district attorney. The county attorney did not participate in the examination but the panel was informed by the district attorney that he would participate in the case. On voir dire examination, appellant's counsel did not inquire if any member of the panel was related to the county attorney, but before exercising his challenges he was informed that the county attorney's father, Paul D. Davis, was on the panel. After the state and appellant had exercised their challenges, Paul D. Davis was one of the jurors selected to serve on the case. Before the jury was sworn, the county attorney announced in the jury's absence that he would no longer participate in the prosecution and would not sit in the courtroom. At such time, the court extended to appellant one additional peremptory challenge, which appellant exercised on the juror Roe K. Fulgham. Appellant then moved to quash or disqualify the jury panel because the county attorney's father was on the panel, which motion was by the court overruled. Thereupon, the twelve jurors selected in the case were sworn and appellant again moved to quash the jury selected and also moved for a mistrial because the county attorney's father

**854**

was on the jury. Both motions were by the court overruled.

While the juror Davis was subject to a challenge for cause, under Art. 35.16 (c) 1. of the Code, appellant did not challenge him for cause and it appears that he waived his right to so challenge the juror.

Reynolds v. State, 163 Tex.Cr.R. 496, 294 S.W.2d 108, cited by appellant, is not here controlling, because in that case the defendant made a challenge for cause to a juror who was the wife of the prosecutor in the case, and the challenge was overruled.

There is no showing that the county attorney participated in any way in the present case after the jury was empaneled and sworn.

The ground of error is overruled.

The judgment is affirmed.