NORMAN DUFFY v. THE STATE.

No. 1959. Decided January 17, 1900.

1. **Accomplice Witness—Right to Recall and Cross-Examine.**
   If the State has put an accomplice on the stand and examined him as to any important fact pertaining to the offense implicating defendant in its commission, the defendant is entitled to cross-examine him either at the time or subsequently recall him for the purpose of cross-examining him as to any matter germane to the inquiry made by the State, notwithstanding article 91, Penal Code, provides that principals, accessories, and accomplices can not be introduced as witnesses for one another.

2. **Bill of Exceptions to Excluded Evidence.**
   A bill of exceptions to the exclusion of evidence, to be sufficient, must disclose the testimony expected to be proved; and this rule is applicable as well in the cross-examination, as in the original examination of a witness.

3. **Same.**
   The court on appeal can not speculate as to what a witness would have testified, nor assume that his testimony would have been favorable to defendant.

APPEAL from the District Court of Lamar. Tried below before Hon. V. W. HALE, Special Judge.

Appeal from a conviction of burglary; penalty, five years imprisonment in the reformatory.

The house burglarized was the Avenue Hotel, in Paris, Texas, at the time under the control and in possession of L. P. Harrison. The property taken therefrom consisted of carpets and quilts, etc., which were found by the officers in an old kitchen. Price Ellis, defendant's confederate, was arrested by the officer at the old kitchen, and the officer thought he recognized defendant as the party who ran off.

Price Ellis was placed upon the witness stand by the State, and in answer to the question as to who the party was who ran off when he was arrested, answered it was the defendant. The court refused to allow him to be recalled for purposes of cross-examination by defendant.

It was proved that defendant was 14 years old at the time of the commission of the offense.

*Allen & Dohoney,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of burglary, and given five years in the reformatory; hence this appeal.

Appellant complains of the court's refusal to permit him to cross-examine the witness Price Ellis, an alleged accomplice. In order to present this question, we here set out the bill of exceptions in full: "On the trial the State placed Price Ellis upon the stand, and stated that the witness was indicted in a different indictment for the same offense, and that he just wanted to prove one fact by him, and, after locating the time and place of the burglary that defendant was being tried for, propounded the following question to him, to wit, 'Who was it that run away from there that night?' The witness answered it was the defendant. The State asked no more questions, and the defendant's attorney did not at that time ask him any questions, but allowed him to leave the stand without cross-examining him. The State then closed, and defendant introduced one witness in regard to the age of defendant, and then called said witness Price Ellis, and put him upon the stand for the purpose of examining him and cross-examining him. The district attorney objected to defendant putting said witness on the stand, for, under the statute, being charged as an accomplice, he could not testify for defendant as his own witness, and that he could not be cross-examined by defendant at that time. The court ruled that defendant might cross-examine upon the fact testified to by the witness for the State, and that he could not examine him in regard to any other matter at all for defendant. Defendant, by his counsel, excepted to said ruling, claiming that as the State had examined him, he had the right to examine the witness upon any matter that was pertinent to the issue joined. Attorney then asked witness the following questions, to wit: 'What were you there at that house for? Did you go into the house? Did you take anything out of the house, and carry it into that old kitchen?' To all of which questions the district attorney objected on the ground that the questions were not in cross-examination of what he had brought out, and that defendant had no right to make him a witness for himself. The court sustained the objection, and defendant then, by his counsel, excepted to said ruling of the court, and here now presents this, his bill," etc. It is insisted by the Assistant Attorney-General that there was no error in this, because the witness, although introduced by the State, had retired from the stand, and the matters inquired about on cross-examination were not germane to the examination in chief, and that it was an attempt to evade the provisions of Penal Code, article 91, which reads: "Persons charged as principals, accessories, or accomplices, whether in the same indictment or by different indictments, can not be introduced as witnesses for one another, but they may claim a severance, and if any one or more be acquitted, they may testify in behalf of the others." We can not agree to this contention. The witness Price Ellis, who was evidently an accomplice, was placed on the stand by the State, and proof was made by him of an important fact happening at the very time of the alleged burglary, and which connected appellant therewith. The questions asked pertained to what occurred there, and was germane to the inquiry made by the State;

and so legitimate in a strict cross-examination. There is no question that appellant had the right to cross-examine said witness either at the time or to recall him for the purpose of cross-examination. However, the bill fails to show what appellant expected to prove by his cross-examination. As to this matter we are left simply to conjecture. The rule is well established that a bill of exceptions to the exclusion of evidence must disclose the testimony expected to be proved. Cline v. State, 34 Texas Crim. Rep., 347; Buchanan v. State, 24 Texas Crim. App., 195. This rule is applicable as well in the cross-examination of a witness as in the original examination. In the absence of a showing, we can not presume that the testimony of the witness would have been favorable to appellant. As to this the onus was on appellant to show what he expected to prove by said witness, in order that we might determine whether or not he had been injured by the action of the court. While it is true that the court had no right to restrict the cross-examination, yet we can not speculate as to what this witness would have testified. Nor can we assume that his testimony would have been favorable to appellant. The action of the court, though not authorized, is not shown to have been prejudicial to appellant. The bill, therefore, does not show any error.

Appellant further objects to the verdict of the jury, in that it fails to find that appellant was under 16 years of age. The proof as to this matter was not controverted, and the verdict found him guilty, and assessed his punishment at confinement in the reformatory, and he was sentenced to the reformatory. This was sufficient, we think. The evidence is amply sufficient to sustain the verdict, and the judgment is affirmed.

*Affirmed.*

[NOTE.—Appellant's motion for rehearing was overruled without a written opinion.—Reporter.]