**Willie Ray CARMICHAEL, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 42354.

Court of Criminal Appeals of Texas.

Nov. 19, 1969.

Rehearing Denied Jan. 28, 1970.

John M. Gillis, Dallas, (on appeal only), for appellant.

Henry Wade, Dist. Atty., Dallas, John Tolle, Camille Elliott, James P. Finstrom, John H. Stauffer and H. Harold Ernst, Asst. Dist. Attys., Dallas, and Jim Vollers, State's Atty., of Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is burglary; the punishment, enhanced by a prior conviction for a like offense, 12 years.

The sufficiency of the evidence to sustain the conviction is challenged.

Viewed in the light most favorable to the jury's verdict, the evidence reflects the following.

On the night of March 8, 1968, Thomas L. Soutter, Manager and part owner of a brass and aluminum foundry and in control of the building in which said business was conducted and the personal property therein, closed up the building and saw that each of the six doors was locked. No one had his permission to be in the building that night.

Appellant was a former employee. He did not have Mr. Soutter's consent to be in the building or to take any personal property therefrom.

About 11:30 P. M. on said night a Dallas police officer patrolling the area noticed an apparently unoccupied automobile parked near the building. When he stopped he saw that there were two women in the automobile. He noticed a door knob on the front door of the building turn and the door open slightly, close and then open again. He grabbed the handle, opened the door all the way and found appellant standing inside wearing work clothes and a glove. Two 55 gallon drums containing metal scraps were near the door. Mr. Soutter testified that they were at another location in the building when he locked it. There was a lug wrench in one of the barrels. Mr. Soutter had no knowledge of such a lug wrench being in the building.

There was a scratch on the door frame which could have been made with the lug wrench, and testimony that the door appeared to have been pried open.

Appellant testified that he had gone into the building upon invitation of the foreman, understanding that there was to be a crap game there.

Called in rebuttal, the foreman testified that he had never invited appellant to any

crap game and there was in fact no gambling in the shop to his knowledge.

The jury resolved the fact issues against appellant. The evidence is sufficient to sustain the jury's verdict.

The prior conviction for burglary alleged for enhancement was proved and the court, pursuant to Art. 62, Vernon's Ann. P.C., assessed the punishment at 12 years.

We find the evidence sufficient to sustain the conviction.

The remaining ground of error complains that the trial court erred in failing to submit his affirmative defense that his sole purpose in entering the building was to join in a crap game.

The charge required the jury to find that the defendant broke and entered the house with intent to commit theft, and unless the jury so found to acquit.

The record reflects no objection to the charge or special charges requested pursuant to Art. 36.14 or 36.15 Vernon's Ann. C.C.P., in the absence of which the claimed error in the failure to submit the affirmative defense is not before us for review.

The judgment is affirmed.