**Bill BALLARD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42463.**

Court of Criminal Appeals of Texas.

Dec. 17, 1969.

Rehearing Denied Feb. 25, 1970.

Robert B. Billings, Dallas (On Appeal Only), for appellant.

Henry Wade, Dist. Atty., James P. Barlow, Wm. Hill, Jr., Malcolm Dade, Camille Elliott and Kerry P. FitzGerald, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is drunk driving (Art. 802, Vernon's Ann.P.C.); the punishment, six months in jail and a fine of $100.00.

Appellant pleaded not guilty before a jury and made application for misdemeanor probation. (Art. 42.13 Vernon's Ann. C.C.P.)

The issue of guilt or innocence was submitted to the jury in the court's charge to which there were no objections and no special charges were requested.

The sufficiency of the evidence to sustain the jury's verdict finding appellant guilty is not questioned.

■ Appellant's grounds of error Nos. 4 and 6, which complain of omissions in the court's charge, present nothing for review in the absence of written objections or requested charges. (Arts. 36.14 and 36.15 V.A.C.C.P.) Allen v. State, Tex.Cr.App., 419 S.W.2d 852; Seefurth v. State, Tex. Cr.App., 422 S.W.2d 931; Ivey v. State, Tex.Cr.App., 425 S.W.2d 631; Carmichael v. State, Tex.Cr.App., 449 S.W.2d 58 (decided November 19, 1969).

■ Ground of error No. 2, which complains of variance between the stipulated chain of evidence of the blood sample taken from appellant for testing and the testimony of witnesses, and ground of error No. 3 which complains that the testimony concerning the amount of alcohol in the blood and its effect is not in accord with the common knowledge of mankind and is contrary to the scientific knowledge of such tests, present nothing for review in the absence of objection to the admission of the testimony referred to.

■ Ground of error No. 1 complains that appellant's right against self incrimination was violated when he was induced to take a blood test upon the promise that the results of such test could be used for him.

The record reflects that appellant was given an opportunity to allow a blood sample to be taken from him and was told that, if taken and analyzed scientifically, the result could be used either for or against him. He consented, the blood sample was taken and analyzed, the result showing a 0.301% concentration of alcohol.

The taking of the blood sample did not infringe upon appellant's constitutional rights. Hearn v. State, Tex.Cr.App., 411 S.W.2d 543; Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908.

We further note that the blood sample and testimony were admitted in evidence without objection.

The remaining ground of error relates to the hearing which followed the return of the verdict of guilty. The complaint is that the state was permitted to call the defendant to the stand in order to ask him about prior convictions contrary to his constitutional rights. Brumfield v. State, Tex.Cr.App., 445 S.W.2d 732, decided since the briefs in this case were filed in the trial court, was cited in oral argument in support of this ground of error.

Appellant testified as a witness in his own behalf at the trial on the issue of guilt or innocence.

Following the return of the verdict of guilty, the record reflects:

THE COURT: "Does the State have any further testimony to offer?

"MR. BARKLOW: Yes, Your Honor, at this time, the State wishes to call to the stand Bill Ballard.

"BILL BALLARD, a witness in the above styled and numbered cause, who having been first duly sworn by the Court, testified on his oath as follows:

"RECROSS EXAMINATION

"BY MR. BARKLOW:

"Q. State your name, please, for the Court and jury.

"A. Bill Ballard.

"Q. Are you one and the same Bill Ballard who testified earlier in this case?

"A. Yes, I am.

"Q. Are you one and the same Bill Ballard who, on January the tenth (10th), 1955, pled guilty before the Court on docket number 6445–H to theft over fifty dollars?

"A. I am.

"Q. In a felony case?

"A. That one case. Yes, sir.

"Q. And received a two (2) year probated sentence?

"A. I am."

There was no majority opinion in Brumfield, supra. However, under either view as to the right of the state to recall the defendant for further cross-examination at the hearing on punishment, Brumfield v. State, is easily distinguishable from the case at bar by the fact that in the case at bar no objection or protest was made when appellant was recalled by the state at the punishment hearing, and his testimony at the hearing on punishment was admitted without objection.

We further note that similar testimony was elicited from the defendant by his counsel in connection with his application for probation in which he swore that he had been convicted and given probation.

The judgment is affirmed.