Olivia **PATTERSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 46266.

Court of Criminal Appeals of Texas.

Dec. 6, 1972.

Richard A. Mayhan, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Tom Henderson, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for burglary. The appellant, after being duly admonished, entered a plea of guilty before the court and punishment was assessed at six years.

Appellant contends that the evidence is insufficient to support a finding of guilty.

The record contains a written stipulation of evidence, sworn to by appellant and approved by appellant's counsel and the court, the pertinent portion of which provides: "I judicially confess to the following facts and agree and stipulate that these facts are true and correct and constitute the evidence in this case: On the 25th day of October, A.D. 1971, in Harris County, Texas, I did break and enter a house occupied and controlled by Ming T. Jew with the intent to fraudulently take therefrom personal property belonging to Ming T. Jew from his possession without his consent and with the intent to deprive him of the value of the same and to appropriate it to my own use and benefit."

The judicial admission in writing is sufficient to support the conviction under Article 1.15, Vernon's Ann.C.C.P.; Knight v. State, 481 S.W.2d 143; East v. State, 476 S.W.2d 292; Tyler v. State, 476 S.W.2d 291; Soto v. State, 456 S.W.2d 389.

Appellant contends that he was influenced and persuaded to plead guilty by offers of an assistant district attorney that the punishment in another cause would run concurrent with this plea.

In Gaither v. State, 479 S.W.2d 50, this Court cited Schnautz v. Beto, 416 F.2d 214, wherein it was said:

"All pleas of guilty are the result of some pressures or influences on the mind of

the defendant . . . This is a good time, too, to reiterate the principle that a plea is not rendered involuntary solely because it was induced as a result of a plea-bargaining situation . . . . The crucial issue is whether, under all the facts and circumstances, the plea was truly voluntary. The plea must be a genuine one by a defendant who understands the situation, his rights, and the consequences of his plea and is neither deceived nor coerced."

The record reflects that appellant was duly admonished concerning the consequences of his plea and that he knowingly and intelligently entered such plea. There is no showing that sentences were cumulated. Appellant may not now be heard to complain of his decision. See Gaither v. State, supra.

The judgment is affirmed.

Opinion approved by the Court.