James Staley **TURNER**, Appellant,

v.

**The STATE of Texas**, Appellee.

No. 46457.

Court of Criminal Appeals of Texas.

July 17, 1973.

Alfred Thomas, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Herbert Hancock, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty. and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

The conviction was for sodomy; the punishment, ten (10) years.

Since the sufficiency of the evidence is not challenged, we will not detail the evidence. Ample proof was made that appellant committed oral sodomy on the person of a ten year old boy.

Ground of error No. 1 urged by appellant is that the court erred in permitting the State to use a 1958 felony conviction for theft for the purpose of affecting the appellant's credibility as a witness, because he says the evidence was insufficient to show that he was represented by counsel in that case.

The judgment in the 1958 conviction recited that appellant appeared by counsel and plead guilty. A waiver of trial by jury was signed by appellant and his attorney, George H. Spencer. Appellant testified on a hearing outside the presence of the jury that he did not have an attorney.

The testimony of appellant is not sufficient to overcome the presumption of the regularity of the court records. Mullenix

v. State, Tex.Cr.App., 443 S.W.2d 264; Martin v. State, Tex., 463 S.W.2d 449; Harvey v. State, Tex.Cr.App., 485 S.W.2d 907.

Since the judgment recited that appellant had counsel, it was properly used to impeach him. Tinsley v. State, Tex.Cr.App., 461 S.W.2d 605; Perkins v. State, Tex.Cr. App., 493 S.W.2d 851; Webber v. State, Tex.Cr.App., 472 S.W.2d 136.

We overrule ground of error No. 1.

■ Ground of error No. 2 claims that the court committed fundamental error by failing to charge that the prior felony convictions were not to be considered as proof of guilt, but only on the question of appellant's credibility.

The court did not give a limiting charge as now contended for by appellant. Immediately prior to the reading of the charge to the jury, appellant's attorney made this statement to the court:

"Judge, we have no objection to the charge. It's acceptable."

No objections or requests for the limiting charge, the absence of which is now complained of, was ever made in writing, in fact, even orally.

Objections to the charge of the court must be made in writing and before the charge is read to the jury. Arts. 36.14 and 36.15, Vernon's Ann.C.C.P.

In the absence of written objections to the charge or requested charges, nothing is presented for review. Ballard v. State, Tex.Cr.App., 450 S.W.2d 83; Allen v. State, Tex.Cr.App., 419 S.W.2d 852; Seefurth v. State, Tex.Cr.App., 422 S.W.2d 931; Carmichael v. State, Tex.Cr.App., 449 S.W.2d 58; Blanco v. State, Tex.Cr.App., 471 S.W.2d 70.

We overrule ground of error No. 2.

■ In his third ground of error, appellant contends that Art. 524 of Vernon's Ann. Penal Code is unconstitutional be-

cause it denies him equal protection of the law. He cites Buchanan v. Batchelor, D.C., 308 F.Supp. 729, wherein an inferior United States Court held in accordance with appellant's contentions, as it related to married persons. However, this holding was vacated by the United States Supreme Court in 401 U.S. 989, 91 S.Ct. 1221, 28 L. Ed.2d 526.

The argument of appellant does not now present an open question, because this Court upheld the constitutionality of Art. 524, V.A.P.C. in Pruett v. State, Tex.Cr. App., 463 S.W.2d 191, direct appeal dismissed by the United States Supreme Court, 402 U.S. 902, 91 S.Ct. 1379, 28 L. Ed.2d 643.

We overrule ground of error No. 3.

We find no reversible error, and affirm the judgment.

Approved by the Court.