Johnny Ray LEE, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 48083–48085.

Court of Criminal Appeals of Texas.

Feb. 20, 1974.

Robert C. Jackson, Jr., Corsicana, for appellant.

Jimmy Morris, Dist. Atty., Corsicana, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from three convictions for sodomy. Punishment was assessed at fifteen years in each case. The court ordered that the sentences be cumulated.

Appellant, in open court with his counsel, waived his right of trial by jury and pleaded guilty in each case. Written waivers of appearance, confrontation and cross-examination of witnesses were entered into by appellant. Written judical confessions were made by appellant, sworn to before the district clerk, approved by counsel for appellant, counsel for the State, the court, and introduced into evidence.

In Cause No. 20,153, appellant's judicial confession recites that on November 26, 1972, in Navarro County, appellant had carnal copulation with prosecutrix, in an opening of the body of prosecutrix which was not a sexual part, to-wit, the mouth. The written stipulation of testimony of the prosecutrix reflects that she would testify that appellant on November 26, 1972, "by force and without the consent of said witness, put his penis into the mouth of said witness."

In Cause No. 20,155, appellant's judicial confession recites that on November 26, 1972, in Navarro County, "I did have carnal copulation with . . . , a female human being by using my mouth on her sexual parts." The written stipulation of testimony of the prosecutrix reflects that she would testify that on the occasion in question the appellant "by force and without the consent of said witness, used his mouth on the sexual parts of . . . , a female human being."

In Cause No. 20,156, appellant's judicial confession recites that on November 26, 1972, in Navarro County, "I did have carnal copulation with a female named . . . in her anus." The written stipulation of testimony of prosecutrix states that she would testify that on the occasion in question that she "had her anus penetrated by defendant's penis against her will."

We reject appellant's first contention that the evidence is insufficient to support the convictions. The judicial confessions are sufficient to support the convictions under Article 1.15, Vernon's Ann. C.C.P. Araiza v. State, Tex.Cr.App., 491 S.W.2d 116; Knight v. State, Tex.Cr.App., 481 S.W.2d 143; Patterson v. State, Tex. Cr.App., 487 S.W.2d 737; Soto v. State, Tex.Cr.App., 456 S.W.2d 389.

■ Appellant contends the court was in error in considering a pre-sentence report in that such action by the court amounted to a deprivation of appellant's constitutional right to confrontation and cross-examination. The records reflect that appellant was tried on June 11, 1973, at which time imposition of sentences was deferred pending a pre-sentence report. Sentences were pronounced on June 27, 1973, the court stating before imposing sentences that he had had an opportunity to review the pre-sentence report. The record does not reflect that there were hearsay statements in such report. Assuming there were, a court is not required to disregard hearsay statements in a pre-sentence report. Brown v. State, Tex.Cr.App., 478 S.W.2d 550.

Appellant, in a pro se brief filed in this court, contends that the court erred in convicting him for three offenses of sodomy, "all of which arose out of the same continuous transaction."

Appellant urges that this claim of jeopardy is reviewable under the authority of Duckett v. State, Tex.Cr.App., 454 S.W.2d 755, holding that such an issue is reviewable "since the question involves both a violation of the State as well as the Federal Constitutions," and "in the interest of justice," review is required under Article 40.-09, Section 13, V.A.C.C.P.

■ Appellant was convicted upon three different indictments alleging sodomy by (1) appellant placing his penis in the mouth of prosecutrix; (2) appellant placing his penis in the anus of prosecutrix; and (3) appellant placing his mouth on the sexual parts of prosecutrix.

The offenses alleged are separate and distinct. McMillan v. State, Tex.Cr.App., 468 S.W.2d 444; Thompson v. State, 99 Tex.Cr.R. 470, 269 S.W. 1048; Waffer v. State, Tex.Cr.App., 504 S.W.2d 408; Grant v. State, Tex.Cr.App., 505 S.W.2d 279. The three offenses were not proven by the same acts or evidence. See and cf. Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.

2d 435; Benard v. State, Tex.Cr.App., 481 S.W.2d 427. No error is shown.

■ Appellant contends that Article 524, Vernon's Ann.P.C., is unconstitutional. The argument advanced and authority cited is support thereof were before this court in Turner v. State, 497 S.W.2d 593, where it was stated:

"He cites Buchanan v. Batchelor, D. C., 308 F.Supp. 729, wherein an inferior United States Court held in accordance with appellant's contentions, as it related to married persons. However, this holding was vacated by the United States Supreme Court in 401 U.S. 989, 91 S.Ct. 1221, 28 L.Ed.2d 526.

"The argument of appellant does not now present an open question, because this Court upheld the constitutionality of Art. 524, V.A.P.C. in Pruett v. State, Tex.Cr.App., 463 S.W.2d 191, direct appeal dismissed by the United States Supreme Court, 402 U.S. 902, 91 S.Ct. 1379, 28 L.Ed.2d 643."

■ In appellant's last two contentions he urges that his retained counsel in the trial court was ineffective, and that the same attorney (appointed on appeal) was likewise ineffective on appeal. Appellant's argument that counsel should have raised the constitutionality of Article 524, V.A.P.C., on appeal, and that his failure to urge such contention on appeal rendered him ineffective, is clearly without merit.

■ The claim that counsel was ineffective in the trial court is bottomed on the argument that counsel allowed appellant to plead guilty to three indictments without any assurance that he would receive less than the maximum punishment allowed by law. The record reflects that upon entry of the pleas of guilty by appellant the State made a motion to dismiss two other indictments pending against appellant, the prosecutor stating that such motions were made in view of the pleas of guilty entered by appellant.

■ The adequacy of an attorney's services on behalf of the accused must be gauged by the totality of the representation. Witt v. State, Tex.Cr.App., 475 S.W. 2d 259; Satillan v. State, Tex.Cr.App., 470 S.W.2d 677. We have reviewed the record and find that appellant had adequate representation.

The judgments are affirmed.

Opinion approved by the Court.

MORRISON, Judge (concurring in part and dissenting in part).

Recently in Ellis v. State, Tex.Cr.App., 502 S.W.2d 146, we said:

"Although the pleas of double jeopardy, and carving, were not raised in the trial court or in this court, they involve a violation of both the State and Federal Constitutions, and under the above stated facts require our review 'in the interest of justice.' See Art. 40.09, § 13, V.A.C. C.P.; Duckett v. State, Tex.Cr.App., 454 S.W.2d 755; Price v. State, Tex.Cr. App., 475 S.W.2d 742. Cf. Shaffer v. State, Tex.Cr.App., 477 S.W.2d 873."

With this in mind I requested the Clerk of the trial court to send to this Court the "deposition" which was considered by the trial court in assessing punishment. An examination thereof clearly reveals that all three acts which were the basis for the prosecution in these three cases occurred between the same parties, at the same place, in the same morning. The doctrine of carving must be given application.

I would affirm the judgment of conviction in cause #48,083 and reverse and dismiss the prosecution in causes #48,084 and #48,085.

I, therefore, concur in the affirmance of cause #48,083, and dissent to the affirmance of causes #48,084 and #48,085.

ONION, P. J., joins in this opinion.