**David Ray ROBINSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 51231.**

Court of Criminal Appeals of Texas.

Dec. 19, 1975.

Paul R. Lawrence, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Larry Meyer, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

BROWN, Commissioner.

Appellant was convicted of the Class A misdemeanor grade of theft and his punishment was assessed at 30 days, probated.

Appellant on May 15, 1974 entered the grounds of the University of Houston without authority and stole a bicycle which was the property of the University. He entered a plea of guilty to the offense of criminal trespass and paid the fine assessed. Thereafter, appellant filed a motion to dismiss the theft of the bicycle information on the grounds that the criminal trespass and the theft were one transaction and, under the doctrine of carving, the State was precluded from proceeding in the theft case. The motion to dismiss was denied whereupon the appellant entered a plea of nolo contendere to the bicycle theft charge. Appellant's sole ground on appeal is that his conviction is void as being violative of the doctrine of carving. Appellant relies on *Douthit v. State*, Tex.Cr.App., 482 S.W.2d 155. In *Douthit* we held that under the "carving doctrine" the State may carve as large an offense out of a single transaction as it can, but it must cut only once. This clearly is the settled law of this State. However, the problem at issue is whether the criminal trespass and the subsequent bicycle theft were in fact one transaction.

Under V.T.C.A. Penal Code, Sec. 30.05, the offense of criminal trespass was committed the moment appellant without authority entered the prohibited area of the University grounds. The subsequent theft was a separate transaction. In *Douthit*, supra, the doctrine of carving was held not to apply to an assault with intent to rape in Travis County and the subsequent rape in Williamson County. A similar conclusion was reached in *Lee v. State*, Tex.Cr.App., 505 S.W.2d 816, where three different acts of sodomy were committed against the same individual on the same day. Although both *Douthit*, supra, and *Lee*, supra, were by a divided court, they have not been overruled and are the authority which controls the instant case. See also *Pena v. State*, Tex.Cr.App., 442 S.W.2d 691.

The judgment is affirmed.

Opinion approved by the Court.

MORRISON, J., dissents for the same reasons stated in *Douthit* and *Lee*.