Haron D. CRAIG, Appellant,

v.

The STATE of Texas, Appellee.

No. 55592.

Court of Criminal Appeals of Texas,
Panel No. 1.

Feb. 13, 1980.

Thomas L. Cook, Dallas, for appellant.

Felipe Reyna, Dist. Atty. and Karen Cable, Asst. Dist. Atty., Waco, and Robert Huttash, State's Atty., Austin, for the State.

## OPINION

Before ONION, P. J., and ROBERTS and W. C. DAVIS, JJ.

1. V.T.C.A., Penal Code, § 22.02(a)(2), (b) and (c), reads in pertinent part:

"(a) A person commits an offense if he commits assault as defined in Section 22.01 of this code and he:

"(1) . . .

"(2) causes bodily injury to a peace officer in the lawful discharge of official duty when he knows or has been informed the person assaulted is a peace officer; or

ONION, Presiding Judge.

This is an appeal from a conviction for aggravated assault upon a peace officer. V.T.C.A., Penal Code, § 22.02(a)(2).[1] Punishment, enhanced by the allegation and proof of a prior felony conviction, was assessed by the jury at nine (9) years' imprisonment. See V.T.C.A., Penal Code, § 12.42(a).

On appeal appellant advances ten grounds of error. Four grounds complain that the trial court erred in refusing to allow appellant to recall for cross-examination the complaining witness, officer Jack Dove, and another officer, both State's witnesses. Three grounds complain that the court erred in denying appellant's special plea of "former convict," in not allowing him to read such plea to the jury and in not submitting an instruction on such plea to the jury in the charge. In two grounds appellant urges the State failed to sustain its burden of proof that his arrest was illegal so as to show that the action of officer Dove was in the lawful discharge of his official duty as a peace officer. Appellant also contends the evidence shows conclusively that he did not have the mental capacity to intentionally assault officer Dove.

In order to better understand appellant's contentions, the facts need to be recited. It appears that the appellant had been out drinking on the night of May 26, 1975 and was walking home when he was met by his brother-in-law, sister and mother, who were driving around looking for him. On their way home, it was decided they would go to the bus station to get some coffee. After appellant got to the bus station, he got into an argument with a man in the waiting room. Waco city police officers Jack Dove

"(3) . . .

"(b) The actor is presumed to have known the person assaulted was a peace officer if he was wearing a distinctive uniform indicating his employment as a peace officer.

"(c) An offense under this section is a felony of the third degree."

and Jimmie Wilcox each received a report of a case of public intoxication at the bus station from the dispatcher and each proceeded in their police vehicles to the bus station. When the uniformed officers entered the station, the bus station agent pointed to the appellant, with whom both officers were acquainted. Appellant was standing in the station swaying, his hair and clothes were messed up, his eyes were bloodshot, and as he talked to the officers his speech was slurred and there was a very strong odor of alcoholic beverage on his breath. Both officers formed the opinion that the appellant was intoxicated. As he turned to walk away, the officers told the appellant he was under arrest for public intoxication and took him outside of the station. As they proceeded to a police vehicle, the appellant began to holler and curse and to scuffle with the officers. They got one handcuff on the appellant and had him near the police vehicle with his right hand on the car when he just slid into the rear part[2] of the vehicle and went limp. The handcuff was removed and officer Wilcox proceeded to jail with the appellant followed by officer Dove. After arriving at the jail, the appellant was asked to get out of the police vehicle. He made no reply to repeated requests. The officers then reached in and grabbed appellant's shoulders and pulled him to a standing position outside the car. As Dove then walked to the jail doors, the appellant hit Wilcox in the eye with his fist, knocking his glasses off, shattering them. Wilcox was knocked backwards three or four feet. Dove ran back and grabbed appellant's left arm and appellant began to struggle with him. At this point Wilcox struck appellant with his blackjack on the head. Appellant then "drop kicked" Dove in the area of the groin, causing great physical pain. In pain Dove tackled appellant and fell on him. Wilcox grabbed appellant's feet and other officers soon came to assist in subduing the appellant. After appellant was taken to the booking desk, Dove began to dry heave and was taken to the hospital and given medication for his pain.

Dr. Robert F. Corwin testified he had examined Dove at the hospital and found he sustained a blunt injury in the area of the testicles of a rather severe nature, and that Dove was still his patient and being treated for the injury at the time of the testimony.

Appellant's brother-in-law, sister and mother all testified they went looking for the appellant on the date in question, that they found him and took him to the bus station to get coffee. While there, he was arrested. All three related that in the scuffle outside the station the officers had maced the appellant and had refused the mother's offer to take the appellant home and had refused the brother-in-law's offer to give the appellant a cup of coffee after the appellant was in the police vehicle.

Appellant testified that on the date in question he had been drinking, had been picked up by his family and had gone to the bus station for coffee, that he remembered talking to officer Dove, who was in uniform, but did not remember much after that. He did not recall being maced at the bus station nor later kicking Dove. He stated that he was maced after being placed in a jail cell and that he was later taken to a hospital to have two or three stitches taken in his head.

■ In two grounds of error, appellant contends the court erred in failing to grant his motion for instructed verdict and that the evidence does not support the jury's verdict because the evidence does not show that Dove was in the lawful discharge of his official duty as a peace officer when the alleged assault took place.

Appellant's argument centers on his claim that the evidence does not show that all of the elements of the offense of public intoxication were demonstrated before appellant was arrested for that offense.

V.T.C.A., Penal Code, § 42.08, provides in part:

"(a) An individual commits an offense if he appears in a public place under the

---

2. Referred to in some of the testimony as a cage designated to protect officers from prisoners who have been arrested and are being transported.

influence of alcohol or any other substance, to the degree that he *may* endanger himself or another." (Emphasis supplied.)

Appellant argues that while the evidence may show he was under the influence of alcohol it does not show he may have endangered himself or another and therefore the arrest for public intoxication was illegal.[3] The offense, of course, was aggravated assault upon a peace officer, not public intoxication, and the State was under no burden to prove beyond a reasonable doubt all of the elements of public intoxication in the trial for a different offense. Peace officers may, without a warrant, arrest persons under circumstances which reasonably show that such persons have been guilty of some felony or breach of the peace, or threaten, or are about to commit some offense against the laws. See Article 14.03, V.A.C.C.P. See also Article 14.01, V.A.C.C.P. Under the evidence, the officers clearly had probable cause to arrest the appellant without a warrant. Even if it could be argued the arrest was illegal, V.T.C.A., Penal Code, § 9.31(b)(2) and (c), reads:

"(b) The use of force against another is not justified:

"(1) . . .

"(2) to resist arrest or search that the actor[4] knows is being made by a peace officer, or by a person acting in a peace officer's presence and at his direction, *even though the arrest or search is unlawful,* unless the resistance is justified under Subsection (c) of this section . . . . .

"(c) The use of force to resist an arrest or search is justified:

"(1) if, before the actor offers any resistance, the peace officer (or person acting at his direction) uses or attempts to use greater force than necessary to make the arrest or search; and

"(2) when and to the degree the actor reasonably believes the force is immediately necessary to protect himself against the peace officer's (or other person's) use or attempted use of greater force than necessary." (Emphasis supplied.)

Appellant's argument that if the arrest was illegal officer Dove was not acting in the lawful discharge of his official duty at the time of the assault at the jail is without merit. The court did not err in denying the motion for instructed verdict, and we cannot say the jury's verdict was not supported by the evidence.

 Appellant contends the court erred in overruling his special plea of "former convict," in refusing to permit him to read such plea to the jury, and in refusing to submit such plea to the jury in the court's charge. Appellant relies upon evidence that he entered guilty pleas to disorderly conduct and public intoxication in municipal court prior to his trial in district court for aggravated assault on a peace officer. He claims the offenses all grew out of the same criminal episode and that his prior convictions barred his trial and conviction for aggravated assault. He urges his constitutional rights (Fifth Amendment, United States Constitution and Article I, § 14, Texas Constitution) against double jeopardy were violated and that V.T.C.A., Penal Code, § 3.02(a), also supports his position. Reliance upon said § 3.02(a) is misplaced. Such statute merely authorizes the consolidation and joinder of prosecutions against a defendant for offenses arising out of the same criminal episode. It has no application in the instant case. Further, we cannot agree that offenses of disorderly conduct and public intoxication at the bus station constitute the same offense or same criminal act as the aggravated assault on a peace officer thirty or forty minutes later at a different loca-

---

3. During the trial, the appellant offered evidence that he entered a guilty plea to public intoxication (on or about May 26, 1975) in municipal court.

4. V.T.C.A., Penal Code, § 1.07(a)(2), provides:

" 'Suspect' means a person whose criminal responsibility is in issue in a criminal action. Whenever the term 'actor' is used in this code, it means 'suspect.' "

tion—the city jail. Appellant's constitu- tional rights of double jeopardy were not violated. See and cf. *Robinson v. State*, 530 S.W.2d 592 (Tex.Cr.App.1975). The court did not err in overruling the special plea. Appellant contends the court erred in refusing to allow him to read his special plea to the jury. Special pleas are to be read to the jury after the reading of the indictment. Article 36.01, V.A.C.C.P. Appellant did not request to read his special plea to the jury until after the State rested its case-in-chief and he had offered five or six witnesses. The request was not timely made. Further, as earlier noted, the offenses were not the same as a matter of law. The special plea was not a proper plea. Still further, for the same reason the court did not err in failing to charge the jury on the special plea. The objection was not in writing nor in compliance with the 1975 amendment to Article 36.14, V.A.C.C.P.

Appellant also contends that the court erred in refusing to allow his counsel to recall and cross-examine two of the State's witnesses, Dove and Wilcox, and erred in refusing to grant a mistrial after such ruling, and in doing so, deprived him of the effective assistance of counsel and due process of law.

After officers Wilcox and Dove testified on direct examination, appellant's counsel announced to the court he had no questions for these witnesses "at this time." After his motion for instructed verdict was overruled, appellant attempted to recall Wilcox to the stand for cross-examination. The State objected, stating appellant had waived his right to cross-examination when he did not interrogate the witness immediately after his direct examination. The prosecutor further stated that the appellant had subpoenaed Wilcox and that he was therefore a defense witness and could not be recalled except as a witness for the defense. The court sustained the State's objection, and the appellant was relegated to calling Wilcox as his witness. During the following interrogation of Wilcox by the appellant, the State repeatedly objected that the appellant was leading the witness,

impeaching his own witness, or cross-examining his own witness, etc. The court sustained all the objections. When Dove was recalled by the appellant, no request was made to be allowed to cross-examine him. We do not find any objections by the State to Dove's examination by the appellant. The next day, after Wilcox and Dove had testified for the second time, the appellant again asked to recall them for cross-examination. The court again overruled the request, stating, ". . . you subpoenaed them and they are your witnesses." The mistrial motion was then made and overruled.

■ Witnesses may be recalled for further cross-examination by a party, including even the recall by the State of a defendant in a criminal case who has previously testified in his own behalf. 62 Tex.Jur.2d, Witnesses, § 220, p. 153; 1 Branch's Ann.P.C., 2nd ed., § 375, p. 396. The recall of a witness for further cross-examination for the purpose of laying a predicate to impeach him or otherwise does not, of itself, transform the witness into a witness for the party recalling him. 62 Tex.Jur.2d, Witnesses, § 220, p. 153; 1 Branch's Ann.P.C., 2nd ed., § 375, p. 396. *Spadachene v. State*, 137 Tex.Cr.R. 26, 127 S.W.2d 466 (Tex.Cr.App.1938).

■ The court was clearly in error in refusing to permit the appellant from recalling Wilcox for further cross-examination and was obviously misled by the State's argument that appellant had waived his right to cross-examination by not questioning Wilcox immediately after his direct examination by the State and further by the objection that although Wilcox was originally called by the State, he was a defense witness because he had been subpoenaed by the appellant. Such argument by the State is without validity. A defendant does not lose his right to recall a State's witness for cross-examination merely because he does not exercise the right of cross-examination immediately after direct examination by the State, nor because the witness was subpoenaed by him and then placed on the

witness stand by the State. The fact that a witness may have been subpoenaed by a party does not make that witness a witness for the party causing the issuance of the subpoena where the other party calls the witness and places him on the witness stand.

██ It has been held though that if a court declines to permit a defendant to recall a State's witness for cross-examination or further cross-examination the error will not call for reversal if the bill of exception fails to show what the defendant expected to prove by his cross-examination. *Duffy v. State*, 41 Tex.Cr.R. 391, 55 S.W. 176 (1900). There was no bill of exception perfected as to what Wilcox's testimony would have been on cross-examination as compared to the direct examination offered, and when Dove was called as a witness, no request was made to interrogate him on cross-examination nor any bill of exception perfected to show what he (Dove) would have testified to if cross-examination had been permitted. We conclude that although the court erred in refusing to permit the appellant to recall and cross-examine a State's witness or witnesses that in the absence of bills of exceptions as to what they would have added to their testimony by cross-examination no reversible error is shown. Under the circumstances, we cannot conclude that appellant was deprived of the effective assistance of counsel or the due process of the law.

██ Lastly, appellant contends he did not have the mental capacity to intentionally assault officer Dove as alleged in the indictment. He argues he was intoxicated, that he was sprayed with mace during the scuffle at the bus station,[5] and that he was hit on the head by a blackjack by officer Wilcox before he allegedly kicked officer Dove. There was no testimony that a combination of these things causes a lack of intent. No issue was raised on this ground during the trial, and thus nothing is presented for appellate review. Further, neither intoxication nor temporary insanity

of mind produced by the recent voluntary use of alcohol constitutes a defense to the commission of a crime. V.T.C.A., Penal Code, § 8.04; *McElroy v. State*, 528 S.W.2d 831 (Tex.Cr.App.1975).

Appellant's contention is overruled.

The judgment is affirmed.

---

5. The appellant testified he did not remember being maced at the bus station but offered family members who testified the officers used tear gas on him there.