Arthur ANTHONY, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–86–298–CR.

Court of Appeals of Texas, Corpus Christi.

April 30, 1987.

Nate Rhodes, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before KENNEDY, UTTER, and DORSEY, JJ.

## OPINION

KENNEDY, Justice.

A jury convicted appellant for the offense of burglary of a habitation and, enhanced by the habitual offender statute, assessed punishment at fifty years' imprisonment. Appellant brings seven points of error. We reverse the judgment of the trial court.

Appellant, by his first point of error, complains that the trial court erred in "refusing to grant defendant's motion to enforce a plea bargaining agreement." Prior to the trial of this cause, appellant pleaded guilty to another burglary of a habitation and received a fifteen year sentence. That sentence was a result of a plea bargain agreement with the State.[1] On this appeal and by motion in the trial court below, appellant alleges that the fifteen year sentence in the prior conviction for burglary of a habitation was to run concurrently with a

---

1. Appellant was indicted and tried separately for the two offenses.

plea bargain in the case at bar. In other words, appellant contends that the plea bargain entailed a total of fifteen years' imprisonment for both burglary charges.

The following is a transcription involving the appellant's plea of guilty for the prior offense of burglary of a habitation:

PROSECUTOR: Does the Court have any objection if the defense counsel and I entered into an agreement to let this case out?

THE COURT: Depends on the agreement.

PROSECUTOR: Fifteen.

THE COURT: Fifteen years?

DEFENSE COUNSEL: Yes, Sir.

THE COURT: Make sure your client wants it.

DEFENSE COUNSEL: He's advised me he'll do it.

PROSECUTOR: I'll just waive enhancement on this one.

THE COURT: Alright. Get the papers ready. Cause No. 85–CR–1399–D, State v. Arthur Anthony.

\*    \*    \*    \*    \*    \*

THE COURT: Was there a plea bargain?

PROSECUTION: Yes, your honor. In return for the defendant's plea of guilty, the state agrees to waive the enhancement paragraphs of the indictment and to recommend his punishment be assessed at fifteen years' confinement in the Texas Department of Corrections.

THE COURT: Mr. Gutierrez (the defense counsel), is that the way you understand the plea bargain to be, as outlined in the written plea bargain agreement?

DEFENSE COUNSEL: Yes, your honor, that is.

THE COURT: You've explained it to your client?

DEFENSE COUNSEL: Yes, sir, your honor.

THE COURT: Arthur, do you understand the plea bargain?

THE DEFENDANT: Yes, sir.

THE COURT: Do you have any questions about it?

THE DEFENDANT: No, sir. I don't.

THE COURT: You talked it over with your lawyer?

THE DEFENDANT: Yes, I have.

THE COURT: Is that what you want to do?

THE DEFENDANT: Yes, sir.

THE COURT: Do you want the court to accept your plea bargain?

THE DEFENDANT: Yes, sir.

THE COURT: Now, if the court does accept the plea bargain, and if you want to appeal, you will not be allowed to appeal unless you have permission from the court. Do you understand that?

THE DEFENDANT: Yes, sir. I understand.

THE COURT: Anything that you would like to say, Arthur?

THE DEFENDANT: No, I don't.

THE COURT: Allright. Based on your plea and evidence presented, the court finds you guilty of burglary of a habitation as alleged in this indictment; finds that it occurred on October 1, 1985, in Nueces County. The court will accept your plea bargain and assess your punishment at fifteen (15) years' in the state penitentiary. Do you know of any reason why sentence should not now be imposed?

THE DEFENDANT: No.

\*    \*    \*    \*    \*    \*

THE COURT: Do you have any questions about this?

THE DEFENDANT: No, sir.

Mr. Gutierrez, who represented appellant at the trial in which he pleaded guilty, testified that, "It was my understanding that the agreement was fifteen years' in Judge Harville's court and fifteen years' up here in Judge Westergren's court. Specifically, the basis for my understanding was that Mr. May (the prosecutor) did understand there was [sic] two particular cases, and I understood him to be saying, when he said fifteen years', I took that—it was my understanding, I still understood that it

was fifteen years' in both cases."[2] Appellant's testimony regarding the plea bargain agreement mirrored Mr. Gutierrez's understanding of the plea bargain. Gutierrez testified that the prosecutor never specifically represented that the plea bargain entailed fifteen years' for cause no. 1399 and fifteen years' for cause no. 1400.

■ Once a defendant agrees to the terms of the plea bargain agreement, he is deemed to have entered into the agreement knowingly and voluntarily unless he can show otherwise. *Ex parte Williams*, 637 S.W.2d 943, 947 (Tex.Crim.App.1982), *cert. denied*, 462 U.S. 1108, 103 S.Ct. 2458, 77 L.Ed.2d 1336 (1983). The record reflects that appellant was properly admonished, pursuant to Tex.Code Crim.Proc.Ann. art. 26.13 (Vernon Supp.1987), concerning the consequences of his plea and that he knowingly and voluntarily entered such plea. There is no showing in the record that the plea bargain agreement concerned more than cause no. 1399, nor was there any showing that the two causes were to be concurrent. Appellant's point of error is without merit. *Patterson v. State*, 487 S.W.2d 737, 739 (Tex.Crim.App.1972); *Mendoza v. State*, 649 S.W.2d 126, 127 (Tex. App.—El Paso 1983, no pet.); *see Brady v. United States*, 397 U.S. 742, 754–55, 90 S.Ct. 1463, 1472, 25 L.Ed.2d 747 (1970); *Ex parte Williams*, 637 S.W.2d at 949–52. We overrule appellant's first point of error.

■ Appellant, by his second point of error, complains that there is insufficient evidence to support the conviction. In reviewing the sufficiency of the evidence, an appellate court looks at all the evidence in the light most favorable to the verdict or judgment and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State*, 663 S.W.2d 455 (Tex.Crim.App.1984).

Melissa Broussard, the complaining witness, was the victim of a burglary. On October 11, 1985, upon returning to her home, Broussard observed a black man,

approximately 5 feet 9 inches to 5 feet 11 inches tall, standing about two feet from her open front door. Broussard estimated his age to be 25 years old, and observed that he had a short afro and goatee beard. Broussard testified that the black male proceeded to a beat-up, green, 1970's model car and left the area. Broussard testified that she had noticed a black male sitting in the same car outside her apartment just two days before the burglary. Upon entering her home, Broussard discovered that several pieces of jewelry had been stolen, including her high school class ring and her husband's high school class ring, both of which were engraved with their initials.

Approximately 3 hours after Broussard reported the burglary, appellant pawned the two high school class rings. Although Broussard was unable to positively identify the appellant as the man outside her front door, appellant is approximately 6 feet tall, and had a short afro and goatee beard. Further, a green, 1973 Oldsmobile Cutlas is registered to Arthur Anthony, Sr., the father of appellant, with whom appellant resides.

Appellant testified that he did not steal the jewelry. Appellant testified that Hurbert Knox gave the class rings to appellant in satisfaction of a $35.00 debt. Appellant testified that he knew the class rings were stolen, yet he pawned them anyway. There is sufficient evidence to support the jury's conviction. We overrule appellant's second point of error.

■ Appellant, by his third point of error, complains that the trial court erred in allowing Broussard to testify that appellant looked similar to the person outside her front door. Appellant filed a pre-trial motion requesting a live line-up. This request came after Broussard was unable to identify the appellant in a photographic line-up. At the pre-trial hearing, the prosecutor represented to the defense that he would not ask Broussard to make an in-court identification of appellant.

---

**2.** This testimony occurred at a hearing on a pre-trial motion to enforce a plea bargain agreement.

However, at trial the prosecutor did ask Broussard if appellant looked similar to the person outside her front door. Broussard testified that the appellant did look similar to the person outside her front door, and that although she could not positively say that appellant was the man, she was "relatively sure." Appellant contends that this testimony was inadmissible because of Broussard's inability to identify the appellant in the photographic line-up.

Broussard's inability to identify the appellant in the photographic line-up affects only the weight and not the admissibility of her testimony. *Garcia v. State*, 563 S.W.2d 925, 928 (Tex.Crim.App.1978); *see Doby v. State*, 455 S.W.2d 278, 280 (Tex. Crim.App.1970). Further, we note that any testimony by Broussard regarding the similarities of appellant and the man outside her front door is cumulative. Officer McDonald testified as to appellant's appearance at the time of his arrest, and this description matched the description Broussard initially gave to the police. We overrule appellant's third point of error.

■ Appellant, by his fourth point of error, complains that the trial court erred in allowing the prosecutor to engage in improper jury argument. Specifically, appellant contends that the prosecutor shifted the burden of proof.

The complained-of argument went as follows:

> Ladies and Gentlemen: I am now given an opportunity to wind up, or complete the summation of the argument, here, and I'd like to point out to you that the charge of the court, that you've heard read, you're not going to find anything in that charge that says, "Are you sure beyond a reasonable doubt that Arthur Anthony is lying." I don't think that's the question, at all, so I'm going to borrow the eraser from Mr. Rhodes again, and I tell you what, I think the question is, not are you sure beyond a reasonable doubt that Arthur Anthony is lying, that if I could phrase it another way, lets think about saying "What are the chances that Arthur Anthony is telling you the truth."

At this point, appellant objected contending that the prosecutor was shifting the burden of proof. The trial court overruled the objection, and the prosecutor continued his jury argument in which he attacked the credibility of the appellant and his testimony.

There are four approved areas of jury argument; (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. *Marshburn v. State*, 522 S.W.2d 900, 901 (Tex.Crim.App.1975). Clearly, the prosecution was not attempting to shift the burden of proof, but rather, based upon the evidence presented by the prosecution and the defense, was making reasonable deductions from the evidence regarding the credibility of appellant and his testimony. We overrule appellant's fourth point of error.

■ Appellant, by his fifth point of error, complains that the trial court erred in instructing the jury regarding the parole laws in paragraph eight of the court's charge on punishment because the instruction violates our Tex.Const. art. II, § 1.

In *Zaragosa v. State*, 721 S.W.2d 429 (Tex.App.—Corpus Christi 1986, no pet.), this Court overruled this exact contention and upheld the constitutionality of Tex. Code Crim.Proc.Ann. art. 37.07, § 4 (Vernon Supp.1987). Furthermore, as in *Zaragosa*, appellant failed to object to the inclusion of this charge at trial. Failure to object or otherwise apprise the trial court of one's claim waives even constitutional error. *Id.* We overrule appellant's fifth point of error.

■ Appellant, by his sixth point of error, complains that the evidence is insufficient to support the enhancement allegations in the indictment. Specifically, appellant contends there is insufficient evidence to show that the second previous conviction occurred after the first previous conviction became final, because the judgment did not contain the judge's signature. The first previous conviction was for the offense of theft in which appellant was placed on probation. The record indicates that on No-

vember 17, 1978, appellant's probation for the first previous conviction was revoked. Appellant admitted on cross-examination that he was convicted of the offense. The record also indicates that the offense for the second previous conviction occurred on November 6, 1980. The evidence shows that this conviction was final. *See Mulder v. State,* 707 S.W.2d 908, 913 (Tex.Crim.App.1986); *Harrell v. State,* 643 S.W.2d 686, 690 (Tex.Crim.App.1982); *Gutierrez v. State,* 456 S.W.2d 84, 86 (Tex.Crim.App.1970). We overrule appellant's sixth point of error.

■ Appellant, by his seventh point of error, again complains that the evidence is insufficient to support the enhancement provisions of the indictment. Specifically, appellant contends that the evidence was insufficient to show that appellant's second previous conviction became final prior to appellant committing the primary offense.

The record indicates that the appellant was convicted for the second previous conviction on September 4, 1981. That judgment also indicates that the appellant gave oral notice of the appeal. It was the State's duty to show the final disposition of such appeal. *Jones v. State,* 711 S.W.2d 634, 636 (Tex.Crim.App.1986); *Foster v. State,* 727 S.W.2d 45 (Tex.App.—Beaumont, 1987, no pet.). "The law is settled that a conviction from which an appeal has been taken is not considered to be a final conviction until the conviction is affirmed by the appellate court and that court's mandate of affirmance becomes final." *Id.* Because the sentence indicates that the conviction was appealed, the State raised the question as to the disposition of the appeal and had the burden to prove such disposition. *Jones,* 711 S.W.2d at 636; *Foster,* 727 S.W.2d at 47. We sustain appellant's seventh point of error. We note that the State is prohibited from using this prior felony conviction for the purpose of enhancing the appellant's punishment at a new trial for the primary offense. *Jones,* 711 S.W.2d at 636.[3]

The judgment of the trial court is reversed and remanded for a new trial.

---

**3.** Further, should appellant be convicted in a new trial, his punishment may not be enhanced pursuant to Tex.Penal Code Ann. § 12.42(d) (Vernon Supp.1987). His punishment may only be enhanced with one prior conviction. *Ex parte Quirke,* 710 S.W.2d 582, 584 (Tex.Crim.App.1986); *Ex parte Gonzales,* 707 S.W.2d 570, 572 (Tex.Crim.App.1986).