IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-90-184-CR




FREDERICK J. BRAUN,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT


NO. CR89-187, HONORABLE FRED A. MOORE, JUDGE


 





PER CURIAM

 A jury found appellant guilty of aggravated assault and assessed punishment at
imprisonment for five years and a $2000 fine. Tex. Pen. Code Ann. § 22.02 (1989) [since
amended]. In two points of error, appellant contends the trial court erred by refusing to submit
a charge on the lesser included offense of reckless conduct and that the evidence is insufficient to
sustain the conviction.

 On August 12, 1989, Comal County deputy sheriff Edward Tijerina was on routine
patrol when he was flagged down by the gate attendant at Potters Creek Park near Canyon Lake. 
The attendant told Tijerina that "Crazy Fred" had just driven through the gate at high speed in a
school bus, towing a van. There were many visitors in the park that day, and the attendant asked
the officer to "see what the problem was."

 Tijerina found the bus parked near the lake, with appellant inside. The officer
asked appellant for identification and was answered with an obscenity. Appellant closed the door
of the bus and began moving around inside the vehicle, as if looking for something. Tijerina
returned to his patrol car and moved it to a position in front of the bus, calling for a backup as
he did so. Appellant started the bus and backed up several feet as if to leave. But instead of
driving around the deputy's vehicle, appellant drove the bus into the side of the patrol car with
Tijerina inside it, pushing it fifteen to twenty feet. Appellant then drove away.

 Tijerina was unable to pursue appellant because his vehicle was disabled. Two
other patrol officers answered Tijerina's call and eventually succeeded in stopping appellant's bus. 
The officers testified that appellant appeared to be intoxicated.

 As alleged in the indictment, the jury found that appellant used a deadly weapon,
the bus, to intentionally threaten imminent bodily injury to a peace officer. Citing testimony that
appellant appeared to be intoxicated and used poor judgment, appellant contends the evidence does
not exclude the hypothesis that he recklessly drove into Tijerina's patrol car and is therefore
insufficient to sustain the jury's verdict. For the same reason, appellant urges that the court erred
by refusing his requested charge on reckless conduct. Tex. Pen. Code Ann. § 22.05 (1989).

 That appellant's judgment was impaired as a result of intoxication is not
inconsistent with the finding that he intended to threaten the officer with bodily injury, nor does
it raise an issue whether appellant acted recklessly. Craig v. State, 594 S.W.2d 91, 96 (Tex. Cr.
App. 1980). Because there is no evidence to reasonably support a finding that appellant acted
recklessly, the trial court did not err by refusing to charge on the lesser offense and the evidence
is sufficient to sustain the verdict.

 The judgment of conviction is affirmed.



[Before Chief Justice Carroll, Justices Jones and B. A. Smith]

Affirmed

Filed:  August 30, 1991

[Do Not Publish]