**Affirmed and Memorandum Opinion filed June 9, 2015.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-14-00123-CR

_____

**IVAN OSUNA-AYUSTE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from County Criminal Court at Law No. 3
Harris County, Texas
Trial Court Cause No. 1917708**

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Ivan Osuna-Ayuste of assault of a family member. The trial court sentenced appellant to 310 days in jail. From that judgment, he brings this appeal challenging the trial court's denial of his request to recall a witness. Because appellant did not preserve his challenge by making an offer of proof, we affirm.

## BACKGROUND

Appellant and his fiancée, the complainant, had an altercation in a hospital parking lot. Renee Roberts witnessed appellant assault the complainant, and she assisted the complainant. The police were called and Officer Selwyn Thomas was dispatched to the scene. Appellant was subsequently charged with assault of a family member. The jury found appellant guilty and he was sentenced by the trial court.

## ANALYSIS

In his sole issue on appeal, appellant asserts the trial court erred by denying his request to recall Officer Thomas. Appellant asserts Thomas's testimony was necessary to impeach Roberts with a prior inconsistent statement—specifically, what she told Thomas at the scene of the offense as recounted in his police report. The State responds that error was not preserved. We agree.

The record reflects Thomas was the first witness to testify. He was not asked any questions on direct or cross-examination concerning Roberts, and his testimony never referred to Roberts. Defense counsel stated he had "[n]o objection" to excusing Thomas. Roberts then testified, stating that appellant "tackled" the complainant and "came down on top of her." She testified that appellant then "struck [the complainant] with his right hand on her face."

After Roberts testified, the State rested its case. Two witnesses testified for the defense, and then counsel asked to recall Thomas. Defense counsel argued as follows:

> Judge, upon hearing the testimony of Renee Roberts, she testified from – that she did see the defendant strike and hit the complaining witness, but the police report that was prepared by Officer Thomas states otherwise.

2

It states here that Officer Thomas talked to Witness Roberts who advised that she did not see Osuna-Ayuste hit and strike Friedley, but she did hear her yelling for help and saw Osuna-Ayuste throw Friedley on the ground.

. . .

And because her testimony is different than what she may have told Officer Thomas in the police report, that is why I am requesting that he be recalled as a witness.

The State countered, "What she said was that he did not strike her first -- excuse me -- he did not strike her first, but she saw him throw her to the ground and then strike her. That is -- that is not contradictory to what is in the report." The trial court denied defense counsel's request to recall Officer Thomas.

We interpret a complaint that the trial court refused to allow defense counsel to recall a witness for further cross-examination as being predicated on exclusion of evidence. *See Watts v. State*, 371 S.W.3d 448, 463 (Tex. App.—Houston [14th Dist.] 2012, no pet.); *see also Love v. State*, 861 S.W.2d 899, 903 (Tex. Crim. App. 1993); *Craig v. State*, 594 S.W.2d 91, 96 (Tex. Crim. App. 1980) (panel op.) (if the trial court declines to permit the defendant to recall a State's witness for further cross-examination, any error will not call for reversal if the offer of proof fails to show what defendant expected to prove by his cross-examination). To preserve error regarding a trial court's decision to exclude evidence, the complaining party must comply with Rule 103 of the Texas Rules of Evidence by making an "offer of proof" setting forth the substance of the evidence. *Watts*, 371 S.W.3d at 463–64 (citing *Mays v. State*, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009), and Tex. R. Evid. 103(a)(2)). It is the defendant's burden to make a record of the evidence he desires admitted. *Montgomery v. State*, 383 S.W.3d 722, 726 (Tex. App.—Houston [14th Dist.] 2012, no pet.). The offer of proof may consist of a concise statement by counsel or be in question-and-answer form. *Mays*, 285 S.W.3d at 889. A

3

statement "'must include a reasonably specific summary of the evidence offered and must state the relevance of the evidence unless the relevance is apparent, so that the court can determine whether the evidence is relevant and admissible.'" *Id.* at 889–90 (quoting *Warner v. State*, 969 S.W.2d 1, 2 (Tex. Crim. App. 1998)). The primary purpose of an offer of proof is to allow this Court to decide whether the exclusion was erroneous and harmful. *Id.* at 890.

Appellant's counsel made a general statement to the effect that he wanted to introduce evidence showing Roberts's trial testimony differed from what she told Thomas at the scene of the offense. According to the State, Roberts's trial testimony did not vary from Thomas's report. The record before this Court does not contain the offense report. Appellant's counsel did not ask to make a bill of exception, nor did he tender the report as an offer of proof to make a record for purposes of appeal. We therefore cannot determine whether there was in fact any discrepancy or whether any harm resulted from the trial court's denial of counsel's request to recall Thomas. Accordingly, we hold appellant failed to preserve any error for our review. We overrule appellant's sole issue and affirm the trial court's judgment.


/s/    J. Brett Busby
       Justice


Panel consists of Justices Jamison, Busby, and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).